# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GADDY,<br><br>   Petitioner,<br><br>   v.<br><br>DAVID BAUGHMAN,[1]<br><br>   Respondent. | Case No. 1:16-cv-00563-DAD-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>(ECF No. 10) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## I.

## BACKGROUND

On April 21, 2016, Petitioner filed the instant petition for writ of habeas corpus wherein he challenges his 2007 convictions in the Kings County Superior Court for assault by means of force likely to produce great bodily injury while undergoing a life sentence and battery by a prisoner on a non-confined person. (ECF No. 1). On June 24, 2016, Respondent filed a motion to dismiss the petition because it is both untimely and an unauthorized successive petition. (ECF No. 10). Petitioner has filed an opposition, and Respondent has filed a reply. (ECF Nos. 13, 18).

---

[1] David Baughman is the current Acting Warden of the California State Prison, Sacramento, and has been automatically substituted as Respondent in this matter pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

## II.

## DISCUSSION

A federal court must dismiss a second or successive petition that raises the same grounds as a prior petition. 28 U.S.C. § 2244(b)(1). The court must also dismiss a second or successive petition raising a new ground unless the petitioner can show that (1) the claim rests on a new, retroactive, constitutional right or (2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)–(B).

However, it is not the district court that decides whether a second or successive petition meets these requirements. Section 2244(b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, Petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in the district court. See Felker v. Turpin, 518 U.S. 651, 656–657 (1996). This Court must dismiss any second or successive petition unless the Court of Appeals has given Petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. Burton v. Stewart, 549 U.S. 147, 157 (2007).

In the instant petition, Petitioner challenges his 2007 convictions in the Kings County Superior Court for assault by means of force likely to produce great bodily injury while undergoing a life sentence and battery by a prisoner on a non-confined person. (ECF No. 1). Petitioner previously filed a federal habeas petition in this Court challenging the same convictions in Gaddy v. Hedgpeth, No. 1:09-cv-01203-AWI-JLT.[2] On December 23, 2011, this previous petition was denied on the merits. Order, Gaddy, No. 1:09-cv-01203-AWI-JLT (E.D. Cal. Dec. 23, 2011), ECF No. 34. On August 22, 2012, the Ninth Circuit denied a certificate of appealability. Order, Gaddy v. Hedgpeth, No. 12-15799 (9th Cir. Aug. 22, 2012).

---

[2] The Court may take judicial notice of its own records in other cases. United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

The Court finds that the instant petition is "second or successive" under § 2244(b). Petitioner argues that the instant petition meets the requirements of 28 U.S.C. § 2244(b)(2). (ECF No. 13 at 2).[3] However, it is not the district court that decides whether a second or successive petition meets these requirements. 28 U.S.C. § 2244(b)(3)(A). Petitioner makes no showing that he has obtained prior leave from the Ninth Circuit to file this petition. As Petitioner has not obtained prior leave from the Ninth Circuit to file this successive petition, this Court has no jurisdiction to consider Petitioner's renewed application for relief under 28 U.S.C. § 2254 and must dismiss the petition. See Burton, 549 U.S. at 157.

### III.
### RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that Respondent's motion to dismiss be GRANTED and the petition for writ of habeas corpus be DISMISSED as successive.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). Petitioner is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 26, 2016**

UNITED STATES MAGISTRATE JUDGE

---

[3] Page numbers refer to the ECF page numbers stamped at the top of the page.